IN THE UNITED STATED DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| THOMAS R. NORWOOD | ) |
| Plaintiff | ) |
| v. | ) Civil Action No. 6:07cv023 |
| MICHAEL J. ASTRUE, Commissioner, Social Security Administration, | ) By: Hon. Michael F. Urbanski<br>United States Magistrate Judge |
| Defendant | ) |

## REPORT AND RECOMMENDATION

Thomas R. Norwood ("Norwood") filed this action challenging the final decision of the Commissioner of Social Security denying his claims for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act. The case is before the undersigned United States Magistrate Judge under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth findings, conclusions and recommendations for the disposition of the case. As reflected by the memoranda and argument submitted by the parties, the issues now before this court are whether the Commissioner's final decision is supported by "substantial evidence," or whether there is "good cause" as to necessitate remanding the case to the Commissioner for further consideration. For the reasons that follow, the undersigned will **RECOMMEND** that an order be entered **REMANDING** the case to the Commissioner for consideration of new medical evidence pursuant to sentence six of 42 U.S.C. § 405(g).

# I.

Norwood was 50 years old on his claimed disability onset date. After dropping out of high school and eventually earning his GED, Norwood worked for a construction company performing a variety of tasks including tiling, carpentry, plumbing, drywall installation, and minor electrical work. (R. 193-95) Norwood last worked on a regular basis in December, 2004. (R. 63-67, 183-86) On February 25, 2005, Norwood filed an application for disability insurance benefits and supplemental security income. (R. 63-67, 183-86) Norwood alleged that he became disabled for all forms of substantial gainful employment on December 2, 2004, due to degenerative disk disease of the spine and depression. (R. 24-25)

Norwood's claim was denied upon initial consideration and reconsideration. (R. 29, 30) Norwood then requested a de novo hearing before an Administrative Law Judge ("ALJ"), and he appeared and testified at such a hearing on June 19, 2006. (R. 190-219) On September 20, 2006, the ALJ issued an opinion finding Norwood not disabled. (R. 19-28)

In reaching that conclusion, the ALJ determined that although Norwood's mental disorders were "not severe," Norwood did suffer severe impairment from degenerative disc disease of the spine (i.e., spondylolisthesis and/or spinal stenosis). (R. 24-25) Due to this impairment, the ALJ decided that Norwood was unable to perform any of his past relevant work. (R. 27) However, the ALJ also determined that plaintiff retained sufficient capacity to "lift 20 pounds occasionally and 10 pounds frequently, sit for two hours and stand and walk for six hours in an eight hour day, with frequent balancing but only occasional climbing, kneeling, crouching and crawling." (R. 25) Given such a residual functional capacity, and after considering Norwood's age, education, prior work experience, and the testimony from a vocational expert,

the ALJ found that Norwood could perform a full range of light work. (R. 28) Norwood was therefore capable of making a successful adjustment to other work that exists in significant numbers in the national economy. (R. 28) Accordingly, the ALJ concluded that Norwood was not disabled and was not entitled to disability income or supplemental security income benefits. (R. 28) The Social Security Administration's Appeals Council denied review, rendering the ALJ's decision final. (R. 5-7) Having exhausted all available administrative remedies, this appeal followed.

## II.

Norwood contends in his appeal, among other things, that the Appeals Council wrongly rejected interim evidence relating back to the adjudicatory period. This evidence consists of an office note from Norwood's treating neurosurgeon, Dr. Gregory Helm, documenting that Norwood's low back pain is caused by a "L4 on L5 slip" and scheduling a lumbar decompression and fusion surgical procedure. (R. 187-88) The Appeals Council rejected the evidence as part of its decision to decline review, stating that the "information [did] not provide a basis for changing the Administrative Law Judge's decision." (R. 6) Norwood argues that this determination was in error, and for that reason the new evidence justifies a hearing pursuant to sentence four of 42 U.S.C. § 405(g).

In addition or alternatively, Norwood contends that other new medical evidence, which was unavailable at the time that the administrative decision became final, also should be considered as part of his disability determination. This new evidence consists of: (1) a letter from the University of Virginia Health System Medical Records Department to plaintiff's counsel explaining the time at which Norwood's medical records could be requested, and

3

(2) Norwood's medical records from the University of Virginia Health System including: (a) a letter dated December 12, 2006, from Dr. Helm to Kenneth Swanson, FNP, regarding Norwood's condition and treatment; (b) an MRI report dated January 5, 2007; (c) an operative report from back fusion surgery performed on February 26, 2007; and (d) hospital records dated December 22, 2006, through March 5, 2007. Norwood argues that the contents of these records are critical to a fair adjudication of Norwood's disability claims, and thus the new evidence justifies a new hearing and full examination of the record pursuant to sentence six of 42 U.S.C. § 405(g).

### III.

While Norwood may have been disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

In concluding that Norwood was not disabled within the meaning of 42 U.S.C. § 1382c(a), the ALJ focused on the fact that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms [were] not entirely credible." (R. 25) The ALJ justified this determination through his finding that the opinions of Norwood's treating sources were unsupported by objective medical records and "reflect[ed] functional limitations

4

that far exceeded their own clinical findings and appear to be based in large part on the claimant's subjective complaints." (R. 27) As a result, the ALJ refused to give controlling weight to the opinions of Norwood's treating sources (R. 27), and in lieu of such evidence, the ALJ adopted the opinions of state agency medical consultants, which were purportedly "based upon and consistent with the clinical findings documented contemporaneously by [Norwood's] treating physicians . . . ." (R. 26) The ALJ then gave "great weight" to the conclusions of the medical consultants to support the denial of disability benefits. (R. 26)

Norwood now claims that the medical records reviewed by the state agency medical consultants were missing important pieces of the evidence, and thus the consultants' opinions were not based on a review of the complete record. In particular, Norwood claims that the state agency medical consultants did not review a March, 2006, MRI report of Norwood's cervical spine showing moderate to severe stenosis nor the treating source assessments from Norwood's doctors from June and July, 2006. Norwood claims the opinions of the state agency medical consultants are therefore necessarily incomplete. Norwood also claims that the new evidence provides the objective medical record necessary to support the medical opinions of his treating sources and address the credibility concerns of the ALJ.

In Borders v. Heckler, 777 F.2d 954 (4th Cir. 1985), the United States Court of Appeals for the Fourth Circuit summarized the standards under which a motion for remand for consideration of new evidence must be analyzed:

> A reviewing court may remand a Social Security case to the Secretary on the basis of newly discovered evidence if four prerequisites are met. The evidence must be "relevant to the determination of disability at the time the application was first filed and not merely cumulative." Mitchell v. Schweiker, 699 F.2d 185, 188 (4th Cir.

5

> 1983). It must be material to the extent that the Secretary's decision "might reasonably have been different" had the new evidence been before her. King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Sims v. Harris, 631 F.2d 26, 28 (4th Cir. 1980). There must be good cause for the claimant's failure to submit the evidence when the claim was before the Secretary, 42 U.S.C. § 405(g), and the claimant must present to the remanding court "at least a general showing of the nature" of the new evidence. King, 599 F.2d at 599.

777 F.2d at 955. See 42 U.S.C. § 405(g) ("The court may ... at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.") Pursuant to this standard and after a thorough review of the record and briefs, it is recommended that the court find that Norwood has established "good cause" for remand of this case to the Commissioner for reconsideration of his complete medical record, including the new medical evidence in question.

Norwood's attorney has already tendered the new evidence to the court, so there is no question as to its nature. Both Dr. Helm's office note documenting the reason for Norwood's surgical procedure (R. 187-88) as well as the MRI results, operative report and hospital records provide objective medical evidence of the severity of his degenerative disc disease. Because the surgery was performed to specifically treat Norwood's long-standing pain and limitations caused by his spondylolisthesis, this evidence also provides some degree of causal connection between his degenerative disc disease and the documented pain and functional limitations in the record. The court is thus satisfied that the evidence relates back to the period of time considered by the ALJ and is not merely cumulative.

6

The new evidence also supplements the area of the record that the ALJ found deficient when making the disability determination, specifically objective medical evidence supporting the opinion evidence of Norwood's treating sources. The MRI performed on January 6, 2007, shows that Norwood suffered from spinal grade 1 anterolisthesis, moderate central canal stenosis, and severe bilateral neural foraminal stenosis. The surgical and hospital records prove that Plaintiff underwent a total laminectomy and decompression of the L4-L5 vertebra, complete with hardware placement and bone grafting. If nothing else, this new evidence fills the gaps in the record criticized by the ALJ. Additionally, however, they also contradict a statement cited by and relied upon by the ALJ in concluding that Norwood was not disabled. That statement, originally made by another of Norwood's treating sources, Dr. Hurt, concluded that Norwood's spinal stenosis in the lumbar spine was "not to a degree that would warrant surgery." (R. 187-88) As a result, because the ALJ based Norwood's disability determination in part on this contested statement, and because the new evidence supplements the deficiency of objective medical evidence in the record, the court is persuaded that the ALJ's decision might reasonably have been different had the new evidence been considered.

As for the timing of the submission, Norwood's letter to the University of Virginia Health System, dated March 2, 2007, clearly shows that the medical records making up the new evidence could not be released while he remained an inpatient at the hospital. There is no evidence in the record as to when Norwood's counsel resubmitted a request for the medical records, but counsel claims that the records were not received until July 14, 2007. Because this was approximately three weeks after the Appeals Council denied review of Norwood's case, the

court finds that there has been no attempt to subvert the administrative process and that there is "good cause" for failure to submit the new evidence in a more timely fashion. (R. 5-7)

## IV.

In sum, the undersigned finds that plaintiff has established "good cause" as to necessitate remanding the case to the Commissioner for further consideration. First, the newly-received surgical records are relevant and not cumulative to Norwood's disability determination because they provide new objective medical evidence to support the opinions of his treating sources. Second, the records also serve to contest parts of the ALJ's conclusions, particularly that the record was deficient of objective medical evidence and that Norwood's condition was not of such severity as to warrant surgery. For these reasons, the Commissioner's decision might reasonably have been different had the new evidence been considered. Finally, Norwood has submitted good cause for the failure to submit the new evidence in a more timely fashion.

Accordingly, it is **RECOMMENDED** that this case be **REMANDED** to the Commissioner for consideration of the new medical evidence pursuant to sentence six of 42 U.S.C. § 405(g). If the Commissioner is unable to decide this matter in plaintiff's favor on the basis of the existing record and the new medical evidence, it is recommended that the Commissioner conduct a supplemental administrative hearing at which both sides will be allowed to present additional evidence and argument.

The Clerk is directed immediately to transmit the record in this case to the Hon. Norman K. Moon, United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note any objections to this Report and Recommendation within ten (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not

specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection.

    The Clerk of the Court hereby is directed to send a certified copy of this Report and Recommendation to all counsel of record.

    Enter this 27th day of August, 2008.

/s/ Michael F. Urbanski
Michael F. Urbanski
United States Magistrate Judge